UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANGELO MICHALATOS | CIVIL ACTION |
| VERSUS | NO: 23-04485 |
| CERTAIN UNDERWRITERS AT LLOYDS, LONDON | SECTION: T (5) |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss for Lack of Jurisdiction filed by Defendants Certain Underwriters at Lloyds, London. R. Doc. 12. Plaintiff has filed a response in opposition, R. Doc. 13, to which Defendants have filed a reply. R. Doc. 16. For the reasons set forth below, the Court will grant the Motion to Dismiss.

**BACKGROUND**

This case concerns an insurance claim for property damage arising out of Hurricane Ida, which made landfall in Louisiana on August 29, 2021. Plaintiff Angelo Michalatos owned property in Marrero, Louisiana, which was damaged in the storm. At all relevant times, the property was insured under a Policy issued by Defendants. Unsatisfied with the handling of his claim, Plaintiff filed suit against Defendants in federal court asserting subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Defendant Underwriters severally subscribed to Policy No. AMH678215R1 issued to

1

Plaintiff for the period September 12, 2020, to September 12, 2021. The Policy was issued under Binding Authority Ref. No. B0142AA2001947, and in the former Argo Syndicate 1200 subscribed to the Binding Authority in the 2020 year of account, there were 104 underwriting members in the Syndicate.

Defendants have filed a Motion to Dismiss pursuant to Rule 12(b)(1) asserting lack of subject matter jurisdiction because the jurisdictional amount of $75,000 has not been met for each of the members of the Argo Syndicate 1200. Plaintiff counters that the amount in controversy is $127,047.56. R. Doc. 13, p. 1. He further contends Defendants have offered no proof to support their allegations. Although Defendants assert the Policy is underwritten by the Argo Syndicate 1200, which has 104 members, Defendants have offered no proof to support either contention. Plaintiff notes that the Policy submitted by Defendants does not mention Argo Syndicate 1200 or any other potentially liable party such as the 104 members. Lastly, Plaintiff asserts the "former" Argo Syndicate 1200 members are irrelevant because, based on information and belief, the Syndicate at the time of suit contained only a single member, Westfield Specialty Insurance Company, which purchased the Syndicate in July 2023. Plaintiff thus argues that because the Syndicate has only one member, "the amount in controversy is met as the amount in dispute does not have to be divided amongst the Syndicate members." R. Doc. 13, p. 3.

In their reply, Defendants point out that Plaintiff, because he is invoking federal subject matter jurisdiction, has the burden of proving the jurisdictional amount has been met as to each member. R. Doc. 16, p. 2. Defendants contend the members of the Argo Syndicate 1200 are

2

relevant because they are the underwriters "who subscribed to the risk of the Policy in the 2020 year of account." *Id.* Defendants argue that, because these members subscribed to the risk, they would be liable for any claims made. R. Doc. 16, p. 3. According to Defendants, a syndicate bears no liability for the risk on the policy; instead, all liability is held by the individual members who belong to the various syndicates that have subscribed to the policy. *Id.* (citing multiple cases).

**LAW AND ANALYSIS**

Pursuant to 28 U.S.C. § 1332, a district court has original jurisdiction over cases in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and "all persons on one side of the controversy [are] citizens of different states than all persons on the other side at the time the complaint was filed." *Soaring Wind Energy, L.L.C. v. Catic USA, Inc.*, 946 F.3d 742, 750 (5th Cir. 2020) (internal quotation marks and citation omitted). The party invoking federal subject matter jurisdiction bears the burden of establishing that federal jurisdiction exists. *See Green Coast Enterprises, LLC v. Certain Underwriters at Lloyd's*, 2022 WL 2208206 (E.D. La. June 21, 2022).

The Fifth Circuit has previously described the unusual nature of Lloyd's of London's operating model, finding that:

> Lloyd's of London is not an insurance company but rather a self-regulating entity which operates and controls an insurance market. The Lloyd's entity provides a market for the buying and selling of insurance risk among its members who collectively make up Lloyd's. Thus, a policyholder insures at Lloyd's but not with Lloyd's. The members or investors who collectively make up Lloyd's are called "Names" and they are the individuals and corporations who finance the insurance market and ultimately insure risks.... Each Name is exposed to unlimited personal liability for his proportionate share of the loss on a particular policy that the Name has subscribed to as an underwriter. Typically hundreds of Names will subscribe to

a single policy, and the liability among the Names is several, not joint. *Corfield v. Dallas Glenn Hills LP*, 355 F.3d 853, 857–58 (5th Cir.2003) (internal quotations and citations omitted). Because of these features, Defendants argue that Plaintiff must establish not only that all individual Names or Members are diverse from all adverse parties, but also that the claim against each individual Name or Member meets the $75,000 minimum amount in controversy. Defendants are correct that, with respect to each member name subscribing to the policy, the party invoking federal subject matter jurisdiction must establish that the amount in controversy is met as to each member. *See Green Coast, supra*, 2022 WL 2208206, * 5 (quoting *Advanced Sleep Center, Inc. v. Certain Underwriters at Lloyd's London*, 2015 WL 4097069, at *3 n.23 (E.D. La. July 7, 2015) (collecting cases)).

Here, rather than make such a showing as to each member of the Syndicate, Plaintiff contends there is only one member as of August 2023, when suit was filed. He relies on *Bakewell v. State Farm Fire & Cas. Ins. Co.*, 2009 WL 1706911, at *3 (E.D. La. June 15, 2009), for the premise that the amount in controversy must be determined at the time the lawsuit is filed. He argues Defendants have not shown that there was but one member when he filed his Complaint in this Court. However, as Defendants point out, *Bakewell* did not involve a Lloyd's policy, nor did it address subject matter jurisdiction as to underlying members subscribing to the Policy. The Court finds no merit to Plaintiff's contention that the underwriting members subscribing to the Policy in force at the time of the incident, that is, during the year of account 2020, as Defendants phrase it, are irrelevant in determining whether the jurisdictional amount has been met. *Bakewell* certainly

does not support such a holding, nor has this Court from its research found such authority. Indeed, it appears well-settled that diversity jurisdiction is not established when the amount in controversy is not met as to all Names sued under the policy. *See, e.g., G&M Holding, Inc. v. Certain Underwriters at Lloyd's of London*, 2008 WL 215842, at *2 (E.D. La. Jan. 23, 2008). Therefore, the Court will grant Defendant's Motion to Dismiss.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is GRANTED and Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 30th day of September 2024.

                                                    _____
                                                    GREG GERARD GUIDRY
                                                    UNITED STATES DISTRICT JUDGE